FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ OCT 11 2012 ★
BROOKLYN OFFICE
Rec'd 10/15/12

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

MICHAIL SORODSKY and
BEVERLY SORODSKY,

                          Plaintiffs,

-against-

U.S. Attorney; N.Y.S. Attorney General ANDREW
CUOMO, ERIC T. SCHNEIDERMAN, AAG
SHULAMIT NEUMAN, AAG IRWIN WEISS,
AAG MICHELL MAEROV, AAG GAIL
HEATHERLY, AAG THOMAS SCHELLHAMMER,
AAG BRIAN MOORE, et al.,[1]

                          Defendants.
----------------------------------------------------------X

NOT FOR ELECTRONIC OR
PRINT PUBLICATION

MEMORANDUM
AND ORDER
12-CV-4420 (ARR) (LB)

ROSS, United States District Judge:

       On August 24, 2012, plaintiffs Beverly Sorodsky ("Beverly") and her husband Michail Sorodsky ("Michail"), appearing *pro se*, filed this action against defendants pursuant to: (1) 42 U.S.C. § 1983; (2) the Economic Espionage Act of 1996 (EEA), 18 U.S.C. § 1831 *et seq.*; (3) patent law; (4) the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq.*; (5) the Freedom of Information Act (FOIA), 5 U.S.C. § 552 *et seq.*, and Privacy Act, 5 U.S.C. § 552a *et seq.*; and (6) the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671 *et seq.*

       Plaintiffs were both arrested and incarcerated pursuant to New York state law. Although Beverly was released from custody prior to the commencement of this action, Michail remains incarcerated at the Eastern New York Correctional Facility. Plaintiffs seek the release of Michail from custody, the return of Michail's purportedly patented probiotic products, and the stay of

---

[1] The court declines to include all the defendants named in the complaint, as the list of defendants goes on for six pages. *See* Compl., Dkt. #1, at 1-6.

state court civil proceedings in which the New York State Attorney General is seeking a default judgment requiring forfeiture of Beverly's business and Michail's allegedly patented materials. In a letter dated October 5, 2012, Beverly added that plaintiffs also seek damages. Dkt. # 14, at 1. The court grants plaintiffs' request to proceed *in forma pauperis* solely for the purpose of this order, and the complaint is dismissed as set forth below.

## Background

In 2008, Beverly and Michail Sorodsky were arrested on a long list of charges related to their "Holistic Skin and Spa Corp." Compl., Dkt. #1, at 11; *Sorodsky v. Attorney General of NYS*, No. 09 CV 1644 (ARR), Indictment No. 1722/2008, Dkt. #1, at 37-59. The charges stemmed from plaintiffs' operation of a medical spa business that they advertised as providing a "patented probiotic treatment" to cure cancer and other ailments. *Sorodsky v. Attorney General of NYS*, No. 09 CV 1644 (ARR), Notice of Removal, Dkt. #1, at 91. In April 2009, while the charges against them were pending, plaintiffs attempted to remove their criminal prosecution to this court. *Sorodsky v. Attorney General of NYS*, No. 09 CV 1644 (ARR), Notice of Removal, Dkt. #1. This court, in turn, remanded the case to the Supreme Court of the State of New York, Criminal Term, Kings County. *Sorodsky v. Attorney General of NYS*, No. 09 CV 1644 (ARR), Memorandum and Order, Dkt. #4. Beverly admits that she was released from jail on March 14, 2011, *see* Dkt. #8, at 1, and the court takes judicial notice that Michail was sentenced to a maximum of six years imprisonment after being convicted on at least four counts, including first-degree rape, unauthorized practice of medicine, engaging in a scheme to defraud, and grand larceny. http://nysdoccslookup.doccs.ny.gov/ GCA00P00/ WIQ3/ WINQ130 (last visited 10/10/12).

In their long and convoluted complaint, plaintiffs claim that the charges against them

were falsely instigated by the New York State Attorney General's Office, through the orchestration of the U.S. Attorney's Office and FBI, to access Michail's purportedly patented products and trade secrets. Plaintiffs also allege that defendants are, based on false information filed by the New York State Attorney General's Office, seeking an order of attachment that will require forfeiture of Michail's purportedly patented products and Beverly's spa business. Compl., Dkt. #1, at 37, 47.

Since filing plaintiffs' complaint, Beverly has requested that the court sign an order to show cause as to why the defendants should not "release Michail Sorodsky from prison immediately," Dkt. #2, at 2. In addition, she has filed numerous letters seeking the court's assistance in protecting her against "illegal detectives [who] were hired to attack [her] health" and protecting Michail, who will otherwise "be murdered [in jail] before [the] court hearing," Pl.'s Letter dated Sept. 12, 2012, Dkt. #8, at 1, 2; alerting the court to plaintiffs' worsening medical conditions, Pl.'s Letter dated Sept. 16, 2012, Dkt. #9; providing a "list of corrected defendants," Dkt. #10; reiterating her request for expedited relief by an order to show cause, Pl.'s Report dated Sept. 27, 2012, Dkt. #11; filing "signature pages" purporting to bear Michail's signature for the complaint and the proposed order to show cause,[2] Pl.'s Letter dated Oct. 2, 2012, Dkt. #12; setting forth ADA Title II regulations, Pl.'s Letter dated Sept. 3, 2012, Dkt. #13;

---

[2] On August 24, 2012, Beverly delivered the complaint and her own *in forma pauperis* application to the court. Dkt. #1, 3. The Clerk's Office reviewed the papers and found that Michail did not sign the complaint or submit his own *in forma pauperis* application along with a Prisoner Authorization form; accordingly, the Clerk's Office provided Beverly with these forms for her husband to complete. Dkt. #4. On September 10, 2102, the court received a partially completed *in forma pauperis* application and a Prisoner Authorization form signed by Michail. Dkt. #5. The same forms were sent directly to Michail at the Eastern New York Correctional Facility, but they were returned to the court with an annotation that Mr. Sorodsky had refused to sign them. Only afterward did Beverly file Michail's "signature pages." Dkt. #12.

and seeking immediate relief, Pl.'s Letter dated Oct. 5, 2012, Dkt. # 14.

Standard of Review

In reviewing plaintiffs' complaint, the court is mindful that, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted). At the pleading stage of the proceeding, the court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010) (citations omitted). A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.*

While *pro se* complaints must contain sufficient factual allegations to meet the plausibility standard, *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), the court reviews such allegations by reading the complaint with "special solicitude" and interpreting the allegations to raise the "strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475, 477 (2d Cir. 2006) (internal quotation marks omitted). Nevertheless, as to Michail's claims, the court must screen "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and thereafter "dismiss the complaint, or any portion of the complaint," if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. §1915A. *See generally Abbas v.*

*Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). Similarly, as to either plaintiff's claims, the court must dismiss the complaint if it determines that the action "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Finally, the court has an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

## Discussion

A.  Michail Sorodsky's Claims

The majority of the claims presented arise from Michail's arrest, conviction, and conditions of confinement. However, Michail did not sign the complaint when it was first filed. On October 2, 2012, Beverly submitted a cover letter with two separate "signature pages" purporting to bear Michail's signature for the complaint and the affidavit supporting the proposed order to show cause. Dkt. #12. Because these signature pages were not attached to the pleadings, however, it is unclear whether Michail has read and understands the allegations set forth in the pleadings. But even if Michail did properly sign the pleadings, he has failed to state any claims for which relief may be granted.

1. *Habeas Corpus* Relief

Plaintiffs primarily seek Michail's immediate release from custody. However, release from custody pursuant to a state judgment of conviction can be obtained in federal court only by a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254 and cannot be obtained through this proceeding. *See Wolff v. McDonnell*, 418 U.S. 539, 554 (1974); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Therefore, should Michail seek release from custody, he must file a

petition for a writ of *habeas corpus* within the one-year statute of limitations and must set forth the constitutional grounds for challenging his conviction.[3]

2. Economic Espionage Act (EEA)

Michail alleges that the New York State Attorney General violated the EEA by intentionally disclosing trade secrets relating to his purportedly patented products. *See* Compl., Dkt. #1 at 43-44. This claim, however, cannot proceed as there is no private right of action under the EEA. *See Cooper Square Realty Inc. v. Jensen*, No. 04 Civ. 1011 (CSH), 2005 WL 53284, at *1 & n.3 (S.D.N.Y. Jan. 10, 2005) ("[C]ongressional intent—articulated in the text of the EEA as well as its legislative record—expressly and unambiguously demonstrates that Congress did not establish a private cause of action in the EEA.") (citing cases). Therefore, Michail's EEA claim is dismissed for failure to state a claim for which relief may be granted. *See* 28 U.S.C. §§

---

[3] A petition must be filed within the one-year statute of limitations. 28 U.S.C. § 2244(d)(1). The one-year period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

1915A(b), 1915(e)(2)(B).

3. <u>Americans with Disabilities Act (ADA)</u>

Michail, who is blind, also alleges that defendants violated his rights under the ADA. *See* Compl., Dkt. #1, at 24, 25. However, these claims are not properly filed in this court. Specifically, Michail's ADA claims concern events that allegedly occurred while he was incarcerated at the Eastern New York Correctional Facility, Sullivan Correctional Facility, and Wende Correctional Facility. *See* Compl., Dkt. #1, at 66-117. These facilities are located within the Northern, Southern, and Western Districts of New York, respectively; because venue does not lie in the Eastern District of New York, this is not the proper court in which to file plaintiff's ADA claims. See 28 U.S.C. § 1391(b); <u>Gasaway v. Bureau of Prisons</u>, No. 9:11–CV–1223 (LEK/DEP), 2012 WL 1952594, at *1 n.1 (N.D.N.Y. Apr. 3, 2012). Any claims related to these facilities are therefore dismissed without prejudice and with leave to renew in the proper district court.

4. <u>Patent law</u>

In addition, Michail alleges that defendants violated his intellectual property rights associated with his purportedly patented probiotic products. He alleges that the FBI stole his patented materials and then transferred them to a state university laboratory. Dkt. #1, at 25. To support this assertion, he asserts, "[W]ho else than FBI could place product to another state lab[?]" Dkt. #1, at 25. As further "evidence" that the U.S. Attorney and FBI stole his allegedly patented products, Michail points to the existence of "federally funded program[s] to support inventors and scientific inventions." Dkt. #1, at 39.

Michail's patent law claim arising under 35 U.S.C. § 271 is conclusory. See 35 U.S.C. § 271(a) (providing that "whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent thereof, infringes the patent."). Plaintiff does not provide the patent registration number for his allegedly patented product. Nor does he allege adequate facts to support a patent infringement claim against any of the numerous defendants named herein. Because Michail fails to allege facts sufficient to "allow[] the court to draw the reasonable inference that [any] defendant is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678, the complaint is dismissed for failure to state a claim as to Michail's allegations that defendants violated his rights under patent law. See 28 U.S.C. §§ 1915A(b); 1915(e)(2)(B).

B.  Beverly and Michail Sorodosky's Claims

In addition, the complaint fails to state any cognizable claims relating to either plaintiff's arrest, conviction, or imprisonment.

1.  § 1983

i.  Malicious prosecution

First, the complaint alleges that defendants maliciously prosecuted Beverly and Michail for the purpose of seizing Beverly's business and Michail's allegedly patented products. *See* Compl., Dkt. #1, at 9.

To assert a cognizable claim for malicious prosecution, however, a plaintiff must allege that the prosecution terminated in his favor. *See Rohman v. N.Y.C. Transit Auth.*, 215 F.3d 208, 215 (2d Cir. 2000). Because the facts alleged in plaintiffs' complaint indicate that the

government successfully prosecuted plaintiffs, the complaint fails to state a claim for malicious prosecution for which relief can be granted. See 28 U.S.C. §§ 1915A(b); 1915(e)(2)(B).

### ii. False arrest and false imprisonment

In addition, insofar as Beverly and Michail attempt to assert claims for false arrest and false imprisonment, the complaint likewise cannot proceed. Claims of false arrest and false imprisonment are premised on a lack of probable cause. *Cameron v. Fogarty*, 806 F.2d 380, 387 (2d Cir. 1986). "Because conviction is considered conclusive evidence of probable cause, actions for false arrest and false imprisonment are barred if the plaintiff remains convicted of the offense for which he was arrested." *Dockery v. Tucker*, 73 F. Supp. 2d 224, 231 (E.D.N.Y. 1998). Because plaintiffs' do not allege that their convictions have been overturned, they cannot assert cognizable claims for false arrest or false imprisonment. See 28 U.S.C. §§ 1915A(b); 1915(e)(2)(B).

### iii. Procedural due process

Furthermore, to the extent that Beverly and Michail are alleging that they were arrested and imprisoned in violation of their procedural due process rights, their claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Plaintiffs assert that their arrest and imprisonment arose from a grand jury indictment that was not supported by a valid deposition by a complaining witness. Dkt. #1, at 35. However, *Heck* held that "to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal." 512 U.S. at 486-87. The

Supreme Court has made clear that *Heck* can apply to procedural due process claims pursuant to § 1983, *see Edwards v. Balisok*, 520 U.S. 641, 643-48 (1997), and "it seems plain that [plaintiffs'] successful challenge to [their] indictment would necessarily imply the invalidity of [their] conviction[s]," *Subgidio v. Graiani*, No. 05 Civ. 4065(GBD), 2006 WL 648229, at *10 (S.D.N.Y. Mar. 16, 2006) (internal quotation marks omitted). Because plaintiffs have not alleged that their convictions were reversed, they have failed to state a cognizable due process claim. See 28 U.S.C. §§ 1915A(b); 1915(e)(2)(B).

Construing the complaint liberally, plaintiffs also seek to enjoin the New York State Attorney General from seeking an "ex parte order of attachment" in a state civil proceeding that would, if successful, require forfeiture of Michail's allegedly patented products and Beverly's spa business. Dkt. #1, at 27-28. Specifically, plaintiffs claim that the Attorney General is seeking a default judgment against them because they failed to respond to the summons or to appear at the relevant hearing; plaintiffs allege, however, that they were incarcerated at the time and imply that it was the fault of state prison officials that they failed to respond or appear. *Id.* Accordingly, plaintiffs maintain that the Attorney General is violating their due process rights by filing for a default judgment based on the "false reason" that plaintiffs did not "respond[] for the summon[s]." Dkt. #1, at 38.

Whatever the precise contours of plaintiffs' claim, this court abstains from hearing it. See Mackey v. Property Clerk of N.Y.C. Police Dep't, 26 F. Supp. 2d 585, 592 (S.D.N.Y. 1998) (dismissing § 1983 claim challenging seizure of funds by police on grounds of Younger abstention where civil forfeiture proceedings remained pending in state court). Pursuant to Younger v. Harris, 401 U.S. 37 (1971), "abstention is appropriate where: (1) a state proceeding[]

is pending; (2) an important state interest is implicated; and (3) the plaintiff has an open avenue for review of constitutional claims in the state proceeding." Id. (Citing Hansel v. Town Court for the Town of Springfield, 56 F.3d 391, 393 (2d Cir.1995)). All three elements are satisfied here. First, the civil forfeiture proceeding is pending in New York state court. Dkt. #1, at 28. Second, the forfeiture proceeding implicates important state interests. Specifically, the state interests advanced by pursuing civil forfeitures include "the removal of the instrumentality of crime from circulation and the prevention of further illicit use, impeding the success of a criminal enterprise by eliminating its resources and instrumentalities and compensating the government for investigation and enforcement expenses." Property Clerk v. Small, 582 N.Y.S.2d 932, 936 (N.Y. Sup. Ct. 1992) (internal citations omitted). Third, the plaintiffs may raise their Fourteenth Amendment claim as a defense in the civil forfeiture action. See, e.g., Small, 582 N.Y.S.2d at 935-37. Because the Younger elements are satisfied, and because "[a]bstaining pursuant to the Younger doctrine also conserves judicial resources and avoids the possibility of inconsistent outcomes," Mackey, 26 F. Supp. 2d at 592, the court declines to entertain jurisdiction over plaintiffs' Fourteenth Amendment claim.

2. FOIA and Privacy Act

Plaintiffs also vaguely assert that defendants violated their rights under the FOIA and Privacy Act through their "illegal and unidentified investigation," Dkt. #1, at 49. However, "[t]he FOIA provides a cause of action only to a requester who has filed a FOIA request that has been denied," *McKevitt v. Mueller*, 689 F. Supp. 2d 661, 667 (S.D.N.Y. 2010), and plaintiffs have not alleged that they made a FOIA request.

In addition, under the Privacy Act, "[n]o agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains." 5 U.S.C. § 552a(b). However, the Act creates an exemption for disclosures "to another agency or to an instrumentality of any governmental jurisdiction within or under the control of the United States for a civil or criminal law enforcement activity if the activity is authorized by law." Id. § 552a(b)(7). Plaintiffs claim that defendants made disclosures of protected information to further their allegedly illegal criminal investigation of the Sorodskys. But, particularly in light of the standing convictions against both Michail and Beverly, the complaint fails to set forth sufficient factual allegations to render plausible plaintiffs' allegations that the investigations were illegitimate, and the court is not "bound to accept conclusory allegations or legal conclusions masquerading as factual conclusions," Faber v. Metro. Life Ins. Co., 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks omitted).

3. FTCA

The complaint also alleges that the "[New York] Attorney General's office produced tort[s] . . . [in violation of the] Federal Tort Claims Act." Dkt. #1, at 50-51. However, only suits against the United States may be brought under the FTCA. See 28 U.S.C. § 2674. Plaintiffs therefore cannot, as a matter of law, state a cognizable FTCA claim against a state defendant.

## Conclusion

Accordingly, the complaint, filed *in forma pauperis*, is dismissed pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) for failure to state a claim and for lack of subject matter jurisdiction over the claims filed pursuant to § 1983 and under the Economic Espionage Act, patent law, the Freedom of Information Act, the Privacy Act, and the Federal Tort Claims Act. See Fed. R. Civ. 12(h)(3). Any state law claims and Americans with Disabilities Act claims are dismissed without prejudice. In addition, there is no basis for this court to "assign [a] special prosecutor" to the case, Dkt. #1, at 39, or to sign plaintiffs' proposed order to show cause, Dkt. #2.

The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

S/Judge Ross
_____
Allyne R. Ross
United States District Judge

Dated: October 11, 2012
Brooklyn, New York